**Michael MOLNAR, Appellant**

v.

**COVIDIEN LP**

No. 16-2537

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 20, 2017

(Opinion filed: April 19, 2017)

Christopher P. Lenzo, Esq., Lenzo & Reis, Morristown, NJ, for Plaintiff-Appellant

Carmen J. DiMaria, Esq., Ogletree Deakins Nash Smoak & Stewart, Morristown, NJ, Erin E. Williams, Esq., Ogletree Deakins Nash Smoak & Stewart, St. Louis, MO, for Defendant-Appellee

Before: AMBRO, JORDAN, and ROTH, Circuit Judges

OPINION *

AMBRO, Circuit Judge

Michael Molnar sued his former employer, Covidien LLP ("Covidien"), for age discrimination. The District Court entered summary judgment for Covidien because Molnar failed to present evidence of pretext for his termination. We agree and affirm.

I.

Molnar began his employment with Covidien, a medical device company, in 2003. He worked as a District Manager for the pharmaceutical division's branding sales team (called Brands) in the New Jersey District. Nearly a decade later, Covidien. sought to implement cost-cutting measures in Brands. It decided to eliminate or consolidate those territories that were least effective and redraw sales districts within those territories. After assessing each regional territory's productivity, the company eliminated one District Manager position from the region covering New York, New Jersey, and Philadelphia, one from the central region (ultimately Michigan), and one from the southeast region (ultimately Florida).

To identify which District Manager in each division would be eliminated, the Vice President of Sales for Brands asked each division's Regional Sales Director to rate managers based on three criteria and combined these ratings with each manager's recent performance assessments. Molnar received the lowest weighted score of any of the District Managers in his region and the company eliminated his position. He was 59. The two other District Managers in the region were 34 (New York) and 43 (Philadelphia).

Approximately six months after Covidien eliminated Molnar's position, it redrew sales districts and identified the need for a District Manager in the newly formed Newark District. Molnar then sued in state court, alleging age discrimination in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq.* Covidien removed the action to the District Court. After Molnar began the current suit, Covidien filled the District Manager position with a 57 year-old employee.

After discovery, Covidien moved for summary judgment. The District Court granted Covidien's motion, and this appeal followed.

II.

The District Court had jurisdiction under 28 U.S.C. § ·1332 and we have jurisdiction per 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment" and view the facts "in the light most favorable to the party against whom summary judgment was entered." *Detz v. Greiner Indus., Inc.,* 346 F.3d 109, 115 (3d Cir. 2003). Summary judgment is appropriate where "there is

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

## III.

New Jersey law follows the well-established *McDonnell Douglas* burden-shifting analysis for claims of age discrimination. *Waldron v. SL Industries, Inc.*, 56 F.3d 491, 503 (3d Cir. 1995); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The parties agree that Molnar established a *prima facie* case of age discrimination. They dispute, however, whether he has shown that Covidien's nondiscriminatory reason for the employment decision is pretext for discriminatory animus. *See Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009).

Covidien argues that economic considerations motivated its decision to eliminate a District Manager position in the region. It alleges it selected Molnar's position from among the managers in his region because he received the lowest total score on the weighted performance metric. To survive Covidien's motion for summary judgment, Molnar must rebut this non-discriminatory rationale with "some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994).

Molnar first urges us to conclude that the subjective nature of the criteria Covidien adopted to measure performance demonstrates that the scoring metric was a pretext for age-based discrimination. We agree with District Court that the criteria themselves do not meet the burden of proving pretext because they are reasonably related to performance. *See Kautz v. Met-Pro Corp.*, 412 F.3d 463, 468 (3d Cir. 2005) (holding that, where criteria bear some relationship to the employer's stated purpose, "we will not second guess the method an employer uses to evaluate its employees."). Covidien calculated the weighted performance score from two figures: a total performance rating (based on the employee's average performance assessment ratings in 2011 and 2012) and a total competency rating (based on the supervisor's rating on the three competencies: "action-oriented," "leadership," and "communication skills"). J.A. 0358. Each of these considerations relates to the stated purpose of eliminating the least effective manager in sales.

Molnar does not offer any evidence that the company created the performance metric or rated him less favorably because of his age. Indeed, he testified that he did not believe his supervisor (who rated him) or the Vice President of Sales (who developed the assessment metric) discriminated against him. J.A. 0153. And, while he argues that his supervisor rated him poorly in final evaluations so that his score would qualify him for termination, this supervisor's final evaluations were consistent with earlier evaluations.

While Molnar further argues that the method of calculating the weighted score unfairly ignored many prior years of high performance, his suggestion that another criteria would have been fairer does not establish that the reasonable criteria were a pretext for discrimination. *See Kautz*, 412 F.3d at 467-68, 471 ("[T]he mere fact that a different, perhaps better, method of evaluation could have been used is not evidence of pretext unless the method that was used is so deficient as to transgress the *Fuentes* standard."). Nor does the record support Molnar's argument that the criteria violate the company's own policies

for measuring performance: its handbook identifies each of the competencies the company chose as among the factors it may consider. *See* J.A. 0637. Hence, Molnar presents insufficient evidence for a reasonable factfinder to believe that invidious age-based discrimination instead of performance criteria motivated Covidien's decision to terminate him.

Molnar also cites to Covidien's decision to offer open positions to the two other District Managers whose positions the company eliminated as evidence that it selected him for permanent termination because of his age, not because of restructuring. However, he did not apply for the open Sales Representative position in his region. *See In re: Carnegie Center Associates*, 129 F.3d 290, 298 (3d Cir. 1997) (stating when a laid-off employee contends he should have been offered an alternative position, courts analyze this as a failure-to-hire claim and require the plaintiff to show he applied for the position). At this third stage of the burden-shifting analysis, Molnar's evidence must support the inference that "*each* of the employer's proffered non-discriminatory reasons ... was either a *post hoc* fabrication or otherwise did not actually motivate the employment action[.]" *Fuentes*, 32 F.3d at 764 (internal citation omitted). Offering open positions to terminated employees in distinguishable circumstances does not support an inference that the company's business rationale in eliminating the District Manager positions was a *post hoc* fabrication.

Molnar cites to Covidien's decision to create a District Manager position in Newark six months after he was terminated as further evidence that its restructuring rational was pretext for discrimination. However, as the District Court recognized, the company made the initial decision to restructure based on one set of circumstances, and only after these circum-

stances changed (when the FDA granted priority status to a new drug that Covidien could then prepare to market) did the company create a Newark District Manager position. Molnar has presented no evidence that the company eliminated his position and created a similar position six months later so that it could fire an older employee.

\* \* \* \* \*

For these reasons, we affirm the decision of the District Court entering summary judgment against Molnar.